UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| INSURANCE COMPANY OF THE WEST, <br><br> Plaintiff, <br><br> v. <br><br> RPS HOLDINGS, INC., *et al.*, <br><br> Defendants. | Case No. 2:19-cv-00178-JCM-NJK <br><br> ORDER |

Presently before the court is plaintiff Insurance Company of the West's ("ICW") motion for preliminary injunction. (ECF No. 2). Defendants RPS Holdings, Inc.; Randolph Schams; Christine Schams; and Eldorado Estates Las Vegas, LLC ("Eldorado Estates") (collectively "defendants") did not file a response and the time to do so has passed.

**I.  Facts**

On April 27, 2007, ICW issued a surety bond in the amount of $358,138.40 with Clark Count, Nevada as the obligee and Eldorado Estates as the principal. (ECF No. 2-2). ICW issued the bond for the off-site improvements of the Eldorado Estates Phase I ("Phase I construction") project in Clark County, Nevada. *Id*.

As partial consideration for the bond, defendants entered into a general indemnity agreement ("GIA"). (ECF No. 2-1). The GIA provides that the defendants will indemnify ICW for damages that arise from the surety bond or defendants' failure to perform in accordance with the GIA. *Id*. The GIA also provides that, if ICW believes it will incur a loss or expense on the bond, it can demand defendants to deliver cash or collateral. *Id*

Eldorado Estates failed to complete the Phase 1 construction by October 5, 2011, when its construction permit expired. (ECF No. 2-4). The Clark County Department of Public Works

subsequently asserted a bond claim against ICW for Eldorado Estates' failure to perform. (ECF Nos. 2-4, 2-5). To date, Clark County has not released its claim. (ECF No. 2).

On January 30, 2019, ICW initiated this action, asserting a single cause of action for breach of contract. (ECF No. 1). In its complaint, ICW demanded for defendants to post collateral pursuant to the GIA. *Id*. Nothing in record indicates that defendants posted collateral or obtained a release of bond from Clark County.

Now, ICW moves for a preliminary injunction, requesting that the court order specific performance of the GIA. (ECF No. 2). Specifically, ICW request the court to require defendants to (1) post collateral in the amount of $358,138.40 and (2) provide documentation pertaining to the completion of the Phase I construction and the bond release timeline. *Id*.

## II.     Legal Standard

Federal Rule of Civil Procedure 65 provides that the court may issue a preliminary injunction on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). A preliminary injunction seeks to preserve the status quo and prevent irreparable harm from occurring before a judgment is issued. *Textile Unlimited Inc. v. BMH & Co.*, 240 F.3d 781, 786 (9th Cir. 2001).

The Supreme Court has stated that courts must consider the following elements in determining whether to issue a preliminary injunction: (1) likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008). The test is conjunctive, meaning the party seeking the injunction must satisfy each element.

Additionally, post-*Winter*, the Ninth Circuit has maintained its serious question and sliding scale tests. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "Under this approach, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.*

"Serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

**III.    Discussion**

Litigants seeking a preliminary injunction have a burden to satisfy each of the four elements above. *See Winter*, 555 U.S. at 20.  The court will address each element in turn to determine whether ICW's request for a preliminary injunction has merit.

   *a.  Likelihood of success on the merits*

ICW asserts a single cause of action for breach of contract. (ECF No. 1).  To prevail on a claim for breach of contract, a plaintiff must demonstrate (1) the existence of a valid contract; (2) that plaintiff performed or was excused from performance; (3) that the defendant breached the contract; and (4) that the plaintiff sustained damages. *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2001); *see also Sierra Dev. Co. v Chartwell Advisory Group, Ltd.*, 223 F. Supp. 3d 1098, 1103 (D. Nev. 2016).

ICW has provided the court with the GIA, which is a written agreement that includes the defendants' signatures. (ECF No. 2-1).  Defendants entered into the contract in exchange for the surety bond, which ICW issued in full compliance with the terms of the GIA. *See* (ECF Nos. 2-2, 2-4).  When defendants failed to complete the Phase I construction, ICW reasonably believed that it might incur a loss or expense on the bond.  Therefore, defendants' refusal to post collateral upon ICW's demand likely constitutes breach of contract.

   *b.  Likelihood of irreparable injury*

Before a preliminary injunction may issue, the seeking party must show that he will suffer an irreparable injury, which is "traditionally defined as harm for which there is no adequate legal remedy." *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014).  The mere "possibility" of irreparable harm is not enough to justify a preliminary injunction. *Winter*, 555 U.S. at 22.

ICW has identified in its own motion adequate legal remedy for defendants' breach— damages in the amount of $358,138.40. (ECF No. 2); *see Rent-A-Center v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("It is true that economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award").  Therefore, ICW has not shown that it will likely suffer irreparable harm if the court

3

does not grant injunctive relief.

   c. Balance of hardships

In evaluating the balance of hardships, courts "identify the harms which a preliminary injunction might cause to defendants and . . . weigh these against plaintiff's threatened injury." *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 676 (9th Cir. 1998) (quotation marks and citation omitted).

The court cannot weigh defendants' specific harms against ICW's threatened injury because ICW has not proven that denying injunctive relief would cause irreparable harm. *See Ferguson v. Mahjoory*, No. 2:05-cv-00346-WAS-LRL, 2006 WL 8442044 at *5 (D. Nev. Mar. 23, 2006). Therefore, the balance of hardships weighs against granting ICW's motion.

   d. Public interest

"When the reach of an injunction is narrow, limited only to the parties, and has no impact on non-parties, the public interest will be 'at most a neutral factor . . .'" *Stormans, Inc v. Selecky*, 586 F.3d 1109, 1138–39 (9th Cir. 2009) (citing *Bernhardt v. L.A. County*, 339 F.3d 920, 931 (9th Cir. 2003)). Because such is the case here, public interest does not favor issuing a preliminary injunction.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that ICW's motion for a preliminary injunction (ECF No. 2) be, and the same hereby is, DENIED.

DATED THIS 15th day of April 2019.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE